134

Common Pleas Court of Stark County.

WILLIAM V. LEE V. BREWSTER VILLAGE SCHOOL DISTRICT.

Decided January 21, 1932.

HARTER, J.

The plaintiff files his petition in which he alleges that on the 3d of March, 1930, the defendant, an unexempted school district, elected him superintendent of schools for the district for a term of three years, which election he accepted; but that thereafter and before he entered upon his duties, which he says he was willing and ready to do, and for the discharge of which he was qualified by virtue of a life certificate to teach, the board rescinded its former action and cancelled the contract. The plaintiff nevertheless held himself in readiness to perform and offered

to do so on numerous occasions. The petition further states that the plaintiff has diligently sought to secure other employment, but has been unable to do so and asks for damages for the claimed breach of contract.

Defendant demurs generally to the petition and relies in its brief upon the following grounds:

1. Since the defendant is not an exempted district its school board was without authority to employ a superintendent of schools.

2. The contract is void under paragraph B, Section 5625-33, since no money was ever appropriated for the purpose of paying the plaintiff's salary under the contract.

The brief does not raise the question of the validity of the contract of employment under paragraph D of this section.

Boards of education are given broad powers in the conduct and management of the public schools of the district. This authority is derived from Section 7690, General Code:

"Each city, village or rural board of education shall have the management and control of all of the public schools of whatever name or character in the district, except as provided in laws relating to county normal schools. It may elect, to serve under proper rules and regulations, a superintendent or principal of schools and other employes, including, if deemed best, a superintendent of buildings, and may fix their salaries." * * *

However, it is contended that in districts that have not been exempted under Section 4688, from the jurisdiction of the county board of education, the general powers given in Section 7690 are limited by Sections 4684, 4728, 7705, 7706, 7763-3 and 4744-1-2-3. The sections just alluded to in substance provide as follows:

Section 4684—that the County School District shall include all territory in the county with the exception of city and exempted village districts.

Section 4688—that certain village districts may by the procedure there provided become exempted from the county district.

Section 4728—that the county school district shall be under the supervision and control of the county board of education.

Section 7705—that no teacher shall be employed by a board of education under the jurisdiction of the county board, save by a majority vote of full membership, unless the teacher is nominated by the county superintendent or his assistant.

Section 7706—that the county superintendent and his assistants shall visit the schools of the county district, direct and assist the teachers thereof, and that half of his time shall be thus occupied, the balance devoted to organization and administration in connection with the county board's duties or in instruction of teachers.

Sections 4744-1-2 and 3. The latter three sections listed above, viz. sub-sections 1, 2 and 3 of Section 4744, provide that the cost of operation of the county board of education, including the salaries of its employes, shall be paid from the funds of the various school districts under its jurisdiction in proportion to the number of the teachers employed in each district, rather than by direct levy for the purpose, and provide the ways and means for the same.

The provisions of Section 7690, as the court has already said, confer broad powers upon boards of education. However, inasmuch as it is the plain sense of these other statutes, that the county board of education should have certain supervisory powers and since the defendant comes within the county board's jurisdiction; the authority granted in this section is qualified by the powers of the county board, which are conferred by the others, and so Section 7690 must be construed *in pari materia* with those. It is necessary, then, to consider whether those sections do in any way circumscribe the general powers granted in this one and thus affect the plaintiff's right.

The exact wording of Section 7705 follows:

"The board of education of each village, and rural school district shall employ the teachers of the public schools of the district, for a term not longer than three school years, to begin within four months of the date of appointment. The local board shall employ no teacher for any school, unless such teacher is nominated therefor by the county or assistant county superintendent except by a

majority vote of its full membership. In all high schools and consolidated schools one of the teachers shall be designated by the board as principal and shall be the administrative head of such school,"

and Section 7763-3, which it is also necessary to consider in this connection, provides:

"The term superintendent of schools as used in this chapter shall be interpreted to mean, in the respective classes of school districts, the city, exempted village or county superintendent of schools, or person designated by such superintendent; provided that if at any time there is no such superintendent in a given district the president of the board of education shall perform these duties."

It will be noted that this latter section provides for the employment of a superintendent by but three classes of districts; city, exempted village, and county. Consequently, no matter that the plaintiff was called "superintendent of schools" in his contract, he wasn't one and he could not exercise the statutory rights inuring to that office nor be held to the statutory duties thereof; for the defendant had no right to employ a superintendent of schools under the statutes, and it could not alter the plaintiff's status by calling him by that name in the contract. The question at once arises, then, whether his employment comes within the teacher category and consequently is subject to the conditions of Section 7705, for if this last section does apply, then either nomination, as there provided, or appointment by a majority vote of the full board, is a condition precedent to any valid contract of employment.

Section 7690, as has been at least twice already said, conveys broad powers, and in the court's view these are broad enough to permit the board to employ a person to act in a supervisory capacity, who is not employed as a teacher but as a general supervisor and co-ordinator. He is not a true superintendent, however, since he is subject to the supervision of the county superintendent and his assistants, and is under their statutory control; while a superintendent employed in a city or exempted district

is not thus subordinate; and under this section the board's right to employ such person is limited only by an abuse of discretion. The second paragraph of Section 7690 does not apply to the instant case, for there the employment referred to is made by a subordinate of the board of education, and not by the Board of Education itself. The question of abuse of discretion, even if it may be now availed of, is not raised by the demurrer. The first ground of the demurrer, consequently, does not lie.

The second ground presents questions which are both interesting and intricate, and which are fraught with much difficulty. Section 5625-33 is the keystone upon which the arch of the fiscal system rests, so far as local governmental subdivision are concerned. It is not necessary to set it out in full, since all prudent persons who deal with local public authorities are familiar with it. Suffice it to say that it provides in substance that no money shall be appropriated except as provided in the act, and that none shall be paid except by warrant drawn upon the proper fund, and that before any contract shall be binding upon the public authority which enters into it, the fiscal officer shall certify that the money to discharge it has been appropriated to the proper fund and is in the treasury or in the process of collection. To this last requirement of validity the statute makes two exceptions, applicable in the instant case, in *haec verba*:

(a) "* * * or in the case of a continuing contract to be performed in whole or in part in an ensuing year the amount required to meet the same in the fiscal year in which the contract is made." * * * (referring to the certificate).

(b) "* * * The term 'contract' as used in this section shall be construed as exclusive of current pay-rolls of regular employes and officers." * * *

The plaintiff's contract is certainly a continuing one, and if it were an ordinary contract it must of necessity bear the certificate of the fiscal officer for the first year, provided in Section 5625-33, as a condition precedent to its validity. The plaintiff, however, is undoubtedly an

employe of the school district, and since his term of employment was to run for a number of years, in the court's view he was a regular one; and if his salary for which he sues comes within the term *"current pay-rolls"* used in the statutory exception, then no certificate was required.

The serious difficulty arises in the construction of the two above underscored words, which neither O. A. G. 1928 No. 2258 nor O. A. G. 1927 No. 261, cited by counsel for the plaintiff, is decisive of; since the questions there presented were with reference to the salary for the *current year,* although that phrase is not used either in the query or in the attorney-general's reply; neither are the cases cited, *Youngstown* v. *Bank,* 106 O. S. 563, *State ex rel Christman* v. *Board of Education,* 115 O. S., 707, directly in point since both were decided under different statutes than the one now in view. The court, however, is of the opinion that the phrase "current salary" as it is used must be taken to cover a situation such as the plaintiff claims. "Current" in its narrow sense means, of course, salary for the running month, or year, as the case may be. However, in its broader sense, it means any salary which runs as an incident or perquisite of the position or office held. Section 5625-33 constitutes a severe check upon the general powers of public authorities, and consequently under the familiar rule of construction, that in case of ambiguity statutes must be construed against those claiming benefit thereby; when its terms are invoked to cloak the actions of a public board with a financial immunity which it could not otherwise obtain, any doubt must be resolved in favor of the other contracting party, and hence "current" must be construed in its broader sense, and the plaintiff's contract does come within the terms of the exception.

The second ground of demurrer raises another question under this section, as it is claimed that since no expenditure may be made without appropriation and no allegation of appropriation is made in the petition, then under paragraph B of this section the contract is void, because it calls for an expenditure of money and there is

no appropriation thereof. This particular paragraph, however, refers to a willing expenditure of money, and not to an enforced expenditure. A situation such as this is expressly provided for in the budget act, of which Section 5625-33 is a part, for Section 5625-8 provides a means whereby final judgments may be collected and appropriation therefor enforced. The very purpose of paragraph D of Section 5625-33 is to place the promisee on any contract, except for personal service, under the duty of securing the certificate, so that he may know that the appropriation provided in paragraph D thereof has been made. The requirement of obtaining the certificate places him in effect under the duty of inquiring as to the appropriation, and if he secures the certificate he need go no further, for the section itself provides:

"Any certificate of the fiscal officer attached to a contract shall be binding upon the political subdivision as to the facts set forth therein."

If he makes the proper inquiry which the law provides, and is given assurance by receiving the certificate that the necessary official acts have been accomplished, that is enough and the public authority is estopped.

The promisees under personal service contracts, however, are not thus placed upon inquiry; and by the same token, if they enter into a contract with public authority for their services, by virtue of the exception contained in the section, public authority is estopped to claim that the contract is void for official non-compliance with the statute. In other words, regular employes upon taking office or contracting for their services have a right to assume that all the statutory requirements have been complied with. If the public then has any recourse, it is against the officers who entered into the contract, and not against the employe.

The entry will be as follows: Demurrer overruled. Exceptions to defendant. Leave to defendant to plead further by February 6th.